Michael P. Obert, Jr. SB# 022962
Michael.obert@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
*Attorneys for RJM Acquisitions, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Christopher,<br><br>    Plaintiff,<br><br>    vs.<br><br>RJM Acquisitions, LLC,<br><br>    Defendant. | No. CV-13-2274-PHX-JAT<br><br>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>[Filed concurrently with Separate Statement of Undisputed Facts; Declaration of Scott Matte; and [Proposed] Order]<br><br>(Oral Argument Requested) |

Pursuant to A.R.C.P. 56, Defendant RJM Acquisitions (hereinafter referred to as "Defendants") by and through undersigned counsel, moves for summary judgment on the Complaint of Plaintiff, Jennifer Christopher ("Plaintiff"). Defendant's motion for summary judgment is based upon the fact that there is no triable issue of material fact on any stated claim and that Defendant is thus entitled to judgment as a matter of law.

Alternatively, Defendant moves this Court for an order granting partial summary judgment of the following claims, pursuant to Federal Rules of Civil Procedure, Rule 56(c):

1.    Defendant has no liability on the First Cause of Action for Violation of 15 U.S.C § 1692e(2)(A) because the undisputed facts establish that Defendant did not violate

4810-4097-8715.1

LEWIS BRISBOIS BISGAARD & SMITH LLP

1  the FDCPA since Defendant reasonably relied on information provided by a creditor and

2  Skip Trace.

3          2.      Defendant has no liability on the Second Cause of Action for Violations of

4

5  15 U.S.C § 1692e(10) because (1) the undisputed facts establish that Defendant did not

6  violate the FDCPA since Defendant reasonably relied on information provided by a

7  creditor and Skip Trace; and (2) if Defendant made a misrepresentation, it was not

8  material.

9
10         DATED this 13th day of June, 2014.

11                                          **LEWIS BRISBOIS BISGAARD & SMITH**
                                            **LLP**
12

13                                  By      /s/ Michael P. Obert Jr.
                                            Michael P. Obert Jr.
14                                          Attorneys for RJM Acquisitions, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Defendant's Motion must be granted because Plaintiff's two allegations that  by attempting to collect a debt that Plaintiff contends was not hers; and sending two consumer notices to Plaintiff, Defendant  violated 15 U.S.C. § 1692, et seq., Fair Debt Collection Practices Act ("FDCPA") are, as a matter of law, simply wrong.

First, it is noteworthy what Plaintiff does not allege: Defendant knew the debt was not Plaintiff`s. What Plaintiff does allege is by merely sending a collection letter for a debt Plaintiff contends she did not incur, and sending the initial notice twice, or more accurately once to two different addresses, Defendant violated the FDCPA.  Plaintiff is wrong.

## II.   A SUMMARY OF THE ARGUMENT

Defendant sent the statutorily required notice to Plaintiff and ceased its collections efforts the moment Plaintiff informed Defendant that she was not the owner of the debt.  If merely attempting, in good faith, to collect a debt which is ultimately found to not be that of the debtor from whom the collector was attempting to collect is a violation then the whole purpose of 15 U.S.C. § 1692g(a) would be vitiated.  There would simply be no reason to require that a collector advise the debtor of his or her right to dispute the debt or to mandate that the collector cease all collection activity until the debt is verified. "Verification would be unnecessary if debt collectors were charged with the creditors' knowledge." (*Randolf v. IMBM, Inc.* 368 F.3d 726, 729 (7th Cir. 2004). Furthermore, the issue would become not the manner in which the debt was collected, but, rather its validity. This is simply not the law.

LEWIS BRISBOIS BISGAARD & SMITH LLP

1  Moreover, as a matter of law, Defendant could rely on the representations made by

2  a creditor and is not liable for unfair debt collection practices, even if that information is,

3  subsequently, proven to be incorrect. [See *Clark v. Capital Credit & Collection Serv.*, 460

4  F.3d 1162, 1177 (9th Cir. 2006); *Jenkins v. Heintz*, 124 F.3d 824, 833-34 (7th Cir. 1997);

5  *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992)]

6  

7  Here, all of the information provided to Defendant established that the debt was

8  valid and Plaintiff was the debtor.  Defendant received two new addresses and sent the

9  appropriate consumer notice letters.  Defendant ceased its collections efforts the moment

10  Plaintiff informed Defendant that she was not the owner of the debt.  Since Defendant

11  reasonably relied on information it was provided, it cannot be held liable under the

12  FDCPA.

13  Finally, if Defendant made a misrepresentation, which Defendant disputes, the

14  

15  misrepresentation  was not material and, therefore, there was no violation of the FDCPA.

16  Donohue v. Quick Collect, Inc. 592 F.3d 1027, 1033 (9th Cir. 2010).  Indeed, it is hard to

17  imagine how there could be a misrepresentation which is less material then the one at issue

18  here which gave the consumer greater rights and protection then mandated by the FDCPA

19  

20  Accordingly, Defendant`s Motion for Summary Judgment must be granted.

21  **III.   STATEMENT OF FACTS**

22  On November 28, 2011, Defendant purchased an account from

23  Bookspan/Doubleday Entertainment LLC ("Bookspan").  (Separate Statement of

24  Undisputed Facts No. 1 ("SSUF").)  The account was a Mystery Book Club account

25  opened by Jennifer Christopher with a balance of $97.36.  (SSUF 2.)  When Defendant

26  

27  

28

LEWIS BRISBOIS BISGAARD & SMITH LLP

purchased the account, Bookspan provided the following address 800 E. Stewart St. Apt. 4, Willcox AZ 85643-1326.  (SSUF 3.)    On April 2, 2013, Defendant received a new address from TLO, a skip trace vendor.  The new address was 525 E. Sequoia Dr., Phoenix AZ 85024-1621.  (SSUF 4.)  On April 16, 2013, Defendant sent a letter with the proper consumer notice to the 525 E. Sequoia Dr. address. (SSUF 5.)  Defendant did not receive a response.  (SSUF 5.)   On May 25, 2013, Defendant received another new address via Anchor Software, a company that provides address moves updates via what is known as the National Change of Address file.  The new address was1899 Reserve Blvd. Apt. 4, Gulf Breeze, FL, 32563-7040.  (SSUF 6.)  On June 11, 2013, Defendant also sent a letter with the proper consumer notice to the new address.  (SSUF 7.)  It is Defendant's policy to send a new consumer letter with the proper verification notice when it receives a potential new address because the debtor may have not received the first letter.  (SSUF 8.)  On August 2, 2013, Plaintiff called Defendant and informed one of Defendant's representatives that she was not the owner of the debt.  (SSUF 9.)  Defendant promptly ceased to send any further notices to Plaintiff.  (SSUF 10.)

## IV.    STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the case presents a dispositive question of law.  *City & County of S.F. v. United States*, 130 F.3d 873, 877 (9th Cir. 1997).  In order to establish that an action is appropriate for summary judgment, the moving party must show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. Proc. R. 56.   "Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted if the pleadings,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

1
2
3
4
5
6
7

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).  The rule does not require that there be an absolute absence of any factual dispute between the parties.  Rather, there must be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

8
9
10
11
12
13
14
15
16
17
18

The party seeking summary judgment bears the initial burden of proof on the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  To meet this burden,  the moving party generally must show that the nonmovant cannot prove an essential element of its case for which it has the burden of prof  at trial. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999).  Alternatively, the moving party can show that the nonmovant's evidence fails to meet the applicable evidentiary standard, so that a reasonable trier of fact could not return a verdict in its favor. *Anderson, supra*, 477 U.S. at 249 (1986).

19
20
21

**V.     PLAINTIFF'S ALLEGATION THAT DEFENDANT VIOLATED THE FDCPA WOULD VITIATE THE PURPOSE OF 15 U.S.C. §1692g(a)**

22
23
24

15 U.S.C. § 1692g(a) provides that a debt collector shall send the consumer written notice containing the following:

25
26
27
28

(1) the amount of the debt, (2) the name of the creditor to whom the debt is owed, (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be

valid by the debt collector, (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

In this case, Defendant sent the proper consumer notice to the addresses it was provided. As stated above, Plaintiff contacted Defendant on August 2, 2013 and informed Defendant's representative that she was not the debtor. Immediately upon being so advised Defendant ceased all contact with Plaintiff and all collection efforts. Defendant had not received any requests for verification of the debt before August 2, 2013.

Defendant relied on the information that was provided from Bookspan. Bookspan provided information that indicated that Jennifer Christopher was the owner of the debt. If Defendant is not able to rely on the information provided by a creditor then the request for verification would be unnecessary. As such, Defendant did not violate the FDCPA.

## VI.   DEFENDANT CANNOT BE HELD LIABLE UNDER THE FDCPA BECAUSE IT PROPERLY RELIED ON THE INFORMATION PROVIDED BY BOOKSPAN AND SKIP TRACE

Plaintiff alleges Defendant violated 15 U.S.C. § 1692e which prohibits a debt collector from engaging in false, deceptive or misleading representations by allegedly attempting to collect a debt which was not owed by Plaintiff. In effect, Plaintiff contends

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

that because Defendant should have known that Plaintiff did not owe the debt, the attempted collection of the debt constituted false, deceptive and misleading representations that the debt was owed, and, thus, the collection activity was unlawful.  Plaintiffs are simply wrong.

The FDCPA does not require debt collectors to conduct an independent investigation into the validity of the underlying claim prior to commencing collection activities and, when collecting on accounts, a debt collector may rely on information the creditor provides.  (*See Clark v. Capital Credit & Collection Serv.*, 460 F.3d 1162, 1177 (9th Cir. 2006); *Jenkins v. Heintz*, 124 F.3d 824, 833-34 (7th Cir. 1997); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992); *Owen v. I.C. System, Inc.*, 629 F. 3d 1263, 1276 (11th Cir. 2011).)

"Courts do not impute to debt collectors other information that may be in creditors' files – for example, that debt has been paid or was bogus to start with."  (*Randolf v. IMBM, Inc.* 368 F.3d 726, 729 (7th Cir. 2004).  "Verification would be unnecessary if debt collectors were charged with the creditors' knowledge."  (*Id.*)  The Randolph Court further stated that "[w]e have not found any appellate opinion imputing creditors' knowledge to debt collectors."  (*Id.*)

Here, Plaintiff does not allege any facts that Defendant falsely represented the character, amount, or legal status of the debt other than the fact that Plaintiff did not owe the debt.  As stated above, Defendant purchased the debt from Bookspan and was provided information that indicated that the debt was valid and was owed by Jennifer Christopher. Defendant received two different addresses from TLO, a skip trace vendor, and Anchor

Software, a company that provides address moves updates.  Defendant sent a separate consumer notice to each new address.  Plaintiff only responded to the last notice that was sent, and Defendant ceased to contact Plaintiff the moment she claimed not to be the owner of the debt.

Accordingly Defendant did not violate the FDCPA.

**VII.   DEFENDANT DID NOT VIOLATE 15 U.S.C. § 1692e(10)**

Here, Plaintiff alleges (1) that she never opened up an account with Mystery Book Club; (2) Defendant sent two letters stating that it was collecting an account that Defendant purchased from Mystery Book Club; and (3) by sending two notices, Defendant would have confused the least sophisticated consumer by explicitly telling that consumer that he or she had two separate thirty-day periods to dispute the debt, when in fact that consumer only had one thirty-day period.  (See Plaintiff's Complaint, ¶¶ 12,16,18,19)

Plaintiff's argument that Defendant misled Plaintiff by sending two notices is nonsensical.  It is Defendant's practice to send consumer notices when provided a new address in order to ensure that the debtor actually received the notice.  In this instance, Defendant was provided three different addresses.  Defendant could have began collecting the debt thirty days after sending the first notice, but instead sent another notice to the new address to ensure that the debtor received the notice and was aware of her rights. This is not a violation of the FDCPA.

To constitute a violation of the FDCPA a misstatement must be material.  *Donohue v. Quick Collect, Inc.* 592 F.3d 1027, 1033 (9th Cir. 2010).  Assuming that Defendant made a misstatement, it is hard to imagine a misstatement which could be less material

LEWIS BRISBOIS BISGAARD & SMITH LLP

1   then one which gives a consumer more rights and protection.

2   Moreover, Defendant ceased to contact Plaintiff the moment she stated that she did

3   not owe the debt.  There is no case law that supports Plaintiff's position that sending two

4   consumer notices is a violation of the FDCPA.  Defendant's practice only provides debtors

5   with greater rights and ensures that the debtor receives notice before attempting to collect

6   the debt.

7   Accordingly, there were no false, deceptive, or misleading representations.

10   **VIII.  CONCLUSION**

11   Summary judgment is proper in this case because Defendant had no duty to

12   investigate whether Plaintiff was the owner of the debt prior to engaging in collection

13   activity.  Defendant, appropriately and lawfully, relied on the representations made by

14   Bookspan.  Moreover, Defendant was provided two new potential addresses and sent the

15   proper consumer notice each time in order to ensure that the debtor received the debtor

16   received the notice.  Lastly, Defendant ceased to contact Plaintiff the moment she stated

18   she was not the owner of the debt.  There are no triable issues of material fact, and

19   Defendant is entitled to judgment as a matter of law.  Therefore, summary judgment is

20   proper.

23   DATED this 13th day of June, 2014.

24   **LEWIS BRISBOIS BISGAARD & SMITH LLP**

26   By   /s/ Michael P. Obert Jr.

27   Michael P. Obert Jr.
     Attorneys for RJM Acquisitions, LLC

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

1

2

## CERTIFICATE OF SERVICE

3

I hereby certify that on June 13th, 2014, I electronically transmitted the foregoing

4

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE,**

**SUMMARY ADJUDICATION** to the Clerk's office using the Court's CM/ECF System, and

5

thereby served all counsel of record in this matter.

6

/s/ Margaret Staniforth

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28