Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, Arizona 85206
(888) 595-9111 ext. 338
(866) 317-2674 facsimile
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Christopher, | ) Case No. 2:13-cv-02274-JAT |
| Plaintiff, | ) **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | ) |
| RJM Acquisitions, LLC, | ) |
| Defendant. | ) |

Plaintiff Jennifer Christopher ("Plaintiff") respectfully submits this response to Defendant RJM Acquisitions, LLC's ("Defendant") motion for summary judgment.

**I.  Introduction.**

The FDCPA strictly prohibits debt collectors from making any false, deceptive, or misleading representations in the course of debt collection, regardless of knowledge or intent.  Here, Defendant received an account to collect in the name of "Jennifer Christopher," then sent a collection letter to, presumably, the correct Jennifer Christopher. When it did not receive a response from that Jennifer Christopher, it actively searched for different addresses through third party vendors, and through those vendors discovered two addresses for a different Jennifer Christopher—Plaintiff. Despite that

Response to Motion for Summary Judgment - 1

Plaintiff did not incur the debt in question, Defendant sent Plaintiff letters attempting to collect the debt from Plaintiff. In doing so, Defendant falsely represented that Plaintiff owed the debt and had to pay Defendant for a debt she did not incur.

Defendant's first letter to Plaintiff provided her with a notice of her rights under 15 U.S.C. § 1692g(a), as the FDCPA requires in an initial communication with a consumer. Among these rights is that the consumer has 30 days from the initial communication to dispute the debt or request verification. In Defendant's second communication with Plaintiff, it represented that Plaintiff had an additional 30 days from that subsequent communication to dispute the debt or request verification. Because the law does not provide such rights with respect to a subsequent communication, Defendant's representation was false and misleading. Because it has the capacity to mislead a consumer into relying on the false information to their detriment, the misrepresentation is material.

## II. Standard of review.

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Aviva USA Corp. v. Vazirani*, 902 F. Supp. 2d 1246, 1254 (D. Ariz. 2012) (citing Fed. R. Civ. P. 56(a)). The Court must make this determination "viewing the evidence in the light most favorable to the nonmoving party and drawing all justifiable inferences in its favor." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

### III. The FDCPA is a strict liability statute interpreted under the "least sophisticated debtor" standard and liberally construed in favor of consumers.

"The FDCPA imposes strict liability on creditors, including liability 'for violations that are not knowing or intentional.' " *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011) (quoting *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008)); *Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F. Supp. 2d 986, 992 (D. Ariz. 2010) ("The FDCPA is a strict liability statute—it makes debt collectors liable for violations that are not knowing or intentional.").

"The FDCPA measures a debt collector's behavior according to an objective 'least sophisticated debtor' standard." *McCollough*, 637 F.3d at 952. "Although this standard is objective, the standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Swanson v. S. Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). Likewise, a debt collection practice need not actually deceive or mislead the debtor—it need only have the capacity to do so. *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997) ("Under the law of this circuit, whether the initial communication violates the FDCPA depends on whether it is likely to deceive or mislead a hypothetical 'least sophisticated debtor.' ").

The Ninth Circuit has taken care "to reinforce that the broad remedial purpose of the FDCPA is concerned primarily with the likely effect of various collection practices on the minds of unsophisticated debtors." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1179 (9th Cir. 2006). "Because Congress enacted the FDCPA to protect debtors from abusive debt collection practices . . . we have consistently

interpreted the statute liberally to achieve that objective." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1019 (9th Cir. 2012).

### IV. Section 1692e(2)(A) prohibits debt collectors from making false representations, regardless of knowledge or intent.

Under the FDCPA, debt collectors are prohibited from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  Specifically, section 1692e(2)(A) makes it unlawful to engage in "[t]he false representation of the character, amount, or legal status of any debt." Cumulatively, the FDCPA generally prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

Defendant contends that it cannot be held liable for its violation of the FDCPA because it was "merely attempting, in good faith, to collect a debt which is ultimately found to not be that of the debtor from whom the collector was attempting to collect." Doc. 31 at 3.  But the FDCPA is a strict liability statute; therefore, the consumer need not show bad faith or intentional conduct by the debt collector to be entitled to statutory damages. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010); *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008).  As the Ninth Circuit has held, "§ 1692e applies even when a false representation was unintentional." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175 (9th Cir. 2006) (quoting *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000)).  "Requiring a

violation of § 1692e to be knowing or intentional needlessly renders superfluous § 1692k(c)." *Id.* at 1176.

Naturally, where a showing of harm is not required to establish liability, Defendant cannot escape liability by asserting good faith. Good faith is not a defense to an FDCPA action. Rather, it is one element that Defendant would need to prove in an affirmative defense of bona fide error under section 1692k(c), discussed *infra*.

**V.   Defendant's position is contrary to the legion of case law interpreting the FDCPA, holding that even a single attempt to collect a debt from the wrong individual is a violation of section 1692e.**

"[U]nder the FDCPA, outside of the relatively narrow bona-fide error exception, a good-faith error still gives rise to liability; indeed, a single act seeking payment from the wrong individual has been sufficient to constitute a violation." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556-57 (6th Cir. 2012) (collecting cases). Courts "have consistently held that an attempt to collect a debt from a non-debtor constitutes a 'false representation' as to the character or status of the debt in violation of 1692e." *Stuart v. AR Res., Inc.*, No. CIV.A. 10-3520, 2011 WL 904167, at *4 (E.D. Pa. Mar. 16, 2011). This is because "§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) (citing *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) (holding debt collector not entitled to summary judgment where it sent a collection letter "asserting [that the plaintiff] owed a debt that no longer existed," despite its lack of knowledge, because "under § 1692e ignorance is no excuse")).

Other courts have agreed that "demanding payment from the wrong individual, even where the collector mistakenly sends one letter may give rise to a claim under the FDCPA as a matter of law." *Velazquez v. NCO Fin. Sys., Inc.*, No. CIV.A. 2:11-CV-00263, 2011 WL 2135633, at *5 (E.D. Pa. May 31, 2011); *Berndt v. Fairfield Resorts, Inc.*, 337 F. Supp. 2d 1120, 1131 (W.D. Wis. 2004) (finding defendant violated the FDCPA when it sent two collection letters to plaintiffs when it was "undisputed that the debt named in both communications from defendant to plaintiffs was not owed by plaintiffs," because "[e]ven an unintentional misrepresentation of the amount of the debt violates 15 U.S.C. § 1692e(2)(A).") (internal alterations omitted); *Owens v. Howe*, No. 1:04-CV-152, 2004 WL 6070565, at *11 (N.D. Ind. Nov. 8, 2004) ("merely dunning a person who is not legally obligated to pay the debt makes the debt collector liable under that statute as a matter of law because it is, *ipso facto,* a false representation about the status or character of the debt.").

Here, Defendant twice alleged that Plaintiff owed a debt by sending her letters in effort to collect that debt from her. Doc. 1-1; Doc. 1-2; Christopher Decl. at ¶¶4, 7. However, Plaintiff did not owe the debt. Christopher Decl. at ¶¶9-10. Nowhere does Defendant contend that Plaintiff is the proper debtor. Because Plaintiff was not legally obligated to pay the debt, Defendant's letters falsely represented the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A). What Defendant knew or should have known is irrelevant to its liability. Because Plaintiff, in fact, did not owe the debt, irrespective of Defendant's knowledge, its representation that she did owe the debt was, in fact, false.

## VI. The consumer need not request verification of the debt as a prerequisite to bringing a claim under § 1692e(2)(a).

The FDCPA contains no requirement that the consumer dispute the debt or request validation from the debt collector as a precondition to bringing a claim under 15 U.S.C. § 1692e(2)(A). *See generally* 15 U.S.C. § 1692 *et seq.* Lacking any express direction from Congress, it is inappropriate for a court to read such a requirement into the statute, as one court explained:

> When Congress wants to require plaintiffs to use non-judicial remedies before filing suit, Congress says so. *See, e.g.,* 42 U.S.C. § 2000e–5(f)(1) (permitting private suits under Title VII only after prospective plaintiffs have submitted them to the EEOC for possible mediation); 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). But **no provision of the FDCPA explicitly requires debtors to use the informal debt verification procedure—unlike debt collectors who are explicitly forbidden from making false statements about debts in the first instance**, 15 U.S.C. § 1692e(2)(A). Given the allocation of lawmaking functions to the legislative branch under our Constitution, the Court should always hesitate before concluding that Congress somehow "forgot" to mention a legal requirement in its statutes. This normal hesitation is, however, even further heightened with respect to the FDCPA, a remedial statute that courts interpret in favor of debtors, *cf. Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994) (judging the potential deceptiveness of statements under the FDCPA through the lens of an "unsophisticated consumer," rather than a reasonable consumer). Accordingly, the Court will enforce the FDCPA as it is written, not as the Defendants wish that it had been written; requesting informal debt verification is not a precondition to suit.

*Brown v. Palisades Collection, LLC*, 1:11-CV-00445-JMS, 2011 WL 2532909, at *3 (S.D. Ind. June 24, 2011) (emphasis added).

**VII.   Despite its contentions, Defendant did not rely on representations made by the original creditor when attempting to collect a debt from Plaintiff that she does not owe.**

Defendant contends that because it relied on information provided by the creditor, then it cannot be held liable, citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006). However, Defendant misconstrues the holding of *Clark*. *Clark* did not hold that a debt collector who receives any information from a creditor may act on that information with impunity. In rejecting a similar argument made by a debt collector, the Ninth Circuit subsequently clarified its holding:

> When we spoke in *Clark* of the nonliability of a debt collector who "reasonably relies" on the reported debt, we were referring to a reliance on the basis of procedures maintained to avoid mistakes. A debt collector is not entitled under the FDCPA to sit back and wait until a creditor makes a mistake and then institute procedures to prevent a recurrence. To qualify for the bona fide error defense under the FDCPA, the debt collector has an affirmative obligation to maintain procedures designed to avoid discoverable errors, including, but not limited to, errors in calculation and itemization.

*Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008).

In other words, the Ninth Circuit held that merely relying on information the creditor provides cannot act as a substitute for the maintenance of reasonable procedures designed to prevent mistakes. Here, Defendant has described no procedures that it maintained, or how those procedures were adapted to avoid any error that took place in this case. *See* Section VIII, *infra*.

But, even if Defendant could somehow show that it was not liable merely because it relied on information provided by the creditor, Defendant did not rely on information that the creditor provided when attempting to collect a debt from Plaintiff—save the

name of the debtor, which happens to be the same as Plaintiff's name. Defendant did not receive the addresses at which it contacted Plaintiff from the creditor. It received Plaintiff's Phoenix address from TLO, a skip trace vendor, and it received Plaintiff's Florida address from Anchor Software, a company that provides address move updates. Doc. 31 at 8-9; Doc. 33-1 at ¶¶6, 8. In other words, Defendant used locating services to search for different addresses at which the correct debtor might reside, and then chose to send collection letters to the addresses that it discovered. Thus, even if Defendant was entitled to rely on information provided by the creditor, the creditor did not provide the information that led to the improper collection activity.

Defendant's only remaining argument could be that because the original creditor provided a name, "Jennifer Christopher," then it could attempt to collect the debt from any person with the same name. However, the FDCPA strictly prohibits such shotgun collection efforts. *See* Section V, *supra*. The reason is obvious enough: when a name is common, there is a reasonably foreseeable chance that the debt collector will be contacting the wrong person. According to the U.S. Census Bureau and WhitePages.com, there are 38,313 different people named James Smith in the U.S. *See* http://www.slate.com/articles/life/slate_labs/2013/11/john_smith_why_don_t_more_americans_have_this_most_common_name.html. By Defendant's logic, it would be free to find addresses and send collection letters to each one of them to try to collect a single debt allegedly owed by one.

**VIII. Defendant has not, and cannot show that the bona fide error defense applies.**

A debt collector's liability under the FDCPA can be excused only if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). The bona fide error defense is an affirmative defense that must be pleaded and proven, for which the debt collector bears the burden of proof, and exists as a "narrow exception to strict liability under the FDCPA." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006); *Engelen v. Erin Capital Mgmt., LLC*, 544 F. App'x 707, 709 (9th Cir. 2013). "[A]n FDCPA defendant seeking the protection of the bona fide error defense carries the burden of proving that the violation was 1) unintentional, 2) a bona fide error, and 3) made despite the maintenance of procedures reasonably adapted to avoid the error." *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006). "The failure to meet any one of those three requirements is fatal to the defense." *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1353 (11th Cir. 2009).

    **A.**     **Defendant cannot show it acted unintentionally.**

To meet the unintentional element of the bona fide error defense, a debt collector must show—not that it did not intend to violate the FDCPA—but that its conduct was unintentional. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1611-12 (2010). In *Jerman*, the debt collector argued that because section 1692k(c) "refers not to an unintentional 'act' but rather an unintentional 'violation,'" that "[t]he latter term . . . evinces Congress' intent to impose liability only when a party

knows its conduct is unlawful." *Id.* at 1611.  The Supreme Court "decline[d] to adopt the expansive reading of § 1692k(c) that [the debt collector] propose[d]." *Id.*  The Court further held that "an act may be 'intentional' for purposes of civil liability, even if the actor lacked actual knowledge that her conduct violated the law." *Id.* at 1612. "Following *Jerman,* the intentional prong of the bona fide error defense can no longer be whether a defendant specifically intended its actions to violate the FDCPA." *Allen v. Checkredi of Kentucky, LLC*, No. CIV.A. 09-103-DLB, 2010 WL 4791947, at *9-11 (E.D. Ky. Nov. 17, 2010) ("whether Defendant intended to violate the FDCPA is immaterial under *Jerman*.").

Here, Defendant made an intentional decision to mail the collection letters to Plaintiff's addresses, after it actively searched for the addresses through skip-trace and location services.  Doc. 33-1 at ¶¶6-9.

**B.     Defendant cannot show it committed a bona fide error.**

"Bona fide," as utilized by the FDCPA, "means that the error resulting in a violation was made in good faith; a genuine mistake, as opposed to a contrived mistake." *Edwards*, 584 F.3d at 1353.  A mistake of law is not a bona fide error under the FDCPA. *Jerman*, 130 S. Ct. at 1611-12.  Rather, the purpose of the bona fide error defense is to protect debt collectors in cases of inadvertent clerical errors.  *Baker v. GC Services Corp.*, 677 F.2d 775, 779 (9th Cir. 1982); *see also Holton v. Huff*, No. 3:10-CV-2396, 2012 WL 1354024, at *3 (M.D. Pa. Apr. 16, 2012) ("Only clerical errors have been recognized as falling within the *bona fide* error exception to liability"); *Patzka v. Viterbo College*, 917

F. Supp. 654, 659 (W.D. Wis. 1996) ("Generally the term 'error' is limited to clerical mistakes, such as minor numerical mistakes in transposing numbers.").

Here, Defendant asserts no clerical error that it made, which led to the improper collection contacts. Quite the contrary, Defendant searched for addresses, found Plaintiff's, and chose to send collection letters to those addresses.

### C. Defendant cannot show it maintained any procedures reasonably adapted to avoid the specific error at issue.

"As the text of § 1692k(c) indicates, the procedures component of the bona fide error defense involves a two-step inquiry: first, whether the debt collector 'maintained'—i.e., actually employed or implemented—procedures to avoid errors; and, second, whether the procedures were 'reasonably adapted' to avoid the specific error at issue." *Johnson v. Riddle*, 443 F.3d 723, 729 (10th Cir. 2006); *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008). "If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of 'procedures reasonably adapted to avoid any such error' must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error." *Reichert*, 531 F.3d at 1007.

Even if there were a clerical error that existed, Defendant has failed to show that it maintained any procedures and failed to explain how those procedures were reasonably adapted to avoid such an error. *See Dutton v. Wolhar*, 809 F. Supp. 1130, 1138 (D. Del. 1992) ("Mere inadvertency is not sufficient to provide a defense. Defendant has the burden of demonstrating the maintenance of such procedures."). If anything, the only

policy that Defendant mentions—i.e., that its policy is to send a letter any time it finds a new address for a consumer (Doc. 33-1 at ¶9)—caused the violations at issue, rather than being designed to prevent errors.

**IX.  Defendant misled Plaintiff as to her consumer rights, and therefore violated 15 U.S.C. § 1692e(10).**

The sixteen subsections of section 1692e provide a non-exhaustive list of practices that fall within prohibited conduct.  A debt collection practice may violate the FDCPA even if it does not fall within specific conduct enumerated by the FDCPA.  *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).  Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

The test for deception under section 1692e is the "the capacity of the statement to mislead; evidence of actual deception is unnecessary."  *United States v. National Financial Services, Inc.*, 98 F.3d 131 (4th Cir. 1996).  Literally true statements, partial truths, and ambiguous statements are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive.  *See McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 758 (7th Cir. 2006) ("in some cases 'the literal truth may convey a misleading impression that violates § 1692e' "); *Forsberg v. Fid. Nat. Credit Services, Ltd.*, No. 03CV2193-DMS(AJB), 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004) ("Even literally true statements, partial truths, and ambiguous statements

are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive."); *see also Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) ("it is well established that a debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate").

Here, Defendant misrepresented that Plaintiff had two separate periods within which she could dispute the validity of the debt and request its verification, when the FDCPA only provides the consumer with one 30-day period from the debt collector's initial communication within which to exercise the rights provided by 15 U.S.C. § 1692g(a). Defendant argues that its misrepresentation was not material because, although it was false, it provided Plaintiff with greater rights than the FDCPA provides. However, making a consumer think they have more rights than the law actually provides for them is just as harmful, if not more so, than if Defendant had represented that the consumer had less time to dispute the debt. The consumer may rely on the Defendant's representation to their detriment, and wait until after the initial 30-day period to dispute the debt, at which time the consumer would have lost one of their rights, as Defendant will have no legal obligation to provide verification. Because Defendant's misrepresentation has the capacity to "frustrate a consumer's ability to intelligently choose his or her response," it is material. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).

"Although the defendant's notice may have been well-intended, the FDCPA is a strict liability statute." *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP.*, 217 F. Supp. 2d 336, 340 (E.D.N.Y. 2002) (rejecting similar argument where the debt

collector's notice represented that the consumer could dispute debt either orally or in writing, when section 1692g(a)(4) requires a written dispute); *see also Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869 (S.D. Tex. 2011) ("The defendant's argument that its collection letter afforded the plaintiffs additional rights assumes that the defendant would have been legally obligated to provide the plaintiffs the information required by subsections 1692g(a)(4) and (a)(5) in response to oral requests. This assumption is incorrect."); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 742 (N.D. Ill. 2003) (rejecting debt collector's contention "that by allowing the debtor to give either written or oral notification, it has gone above and beyond its duty under § 1692g"). Notably, Defendant remains free to choose to honor disputes that may come after the initial 30-day period, without misleading the consumer as to their legal rights. However, by representing that the law provided the consumer an additional 30 days from Defendant's June 11, 2013 communication, when it was not the initial communication with Plaintiff, Defendant falsely represented Plaintiff's rights under the law. *Cf. Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 206 (E.D.N.Y. 2009) ("It makes no difference whether [the debt collector] would have honored an oral request. First, debt collectors have no duty to honor oral requests. Second, plaintiffs are not required to show that debt collectors intentionally violate the Act.").

WHEREFORE, Plaintiff respectfully requests that Defendant's motion for summary judgment be denied.

Dated: July 28, 2014            Respectfully Submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, Arizona 85206
Telephone: (602) 388 8898
Facsimile: (866) 317 2674
Email: rthompson@consumerlawinfo.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on July 28, 2014, I electronically filed the foregoing document with the clerk of the U.S. District Court of Arizona, using the electronic case filing system of the court, which will send notification of such filing to all counsel of record.

By: s/ Christopher Bruner
    Christopher Bruner