Michael P. Obert, Jr. SB# 022962
Michael.obert@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
*Attorneys for Defendant RJM Acquisitions, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Christopher,<br><br>   Plaintiff,<br><br> vs.<br><br>RJM Acquisitions, LLC,<br><br>   Defendant. | No. CV-13-2274-PHX-JAT<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Trial Date:  None Set |

## I.     INTRODUCTION

Plaintiff does not provide any evidence that Defendant falsely represented the character, amount, or legal status of the debt other than the fact that Plaintiff did not owe the debt. In assessing FDCPA liability, courts are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response. *Donohue v. Quick Collect Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010). Moreover, false statements, by themselves, do not violate the FDCPA. *Wetzel v. Afni, Inc.,* U.S. Dist. LEXIS 142756 (D. Or. 2011). A plaintiff must establish that the false statements would have misled the "least sophisticated consumer." *Id.*; See also *Stanley v. Ideal Collection Servs.*, U.S. Dist. LEXIS 117821 (S.D. Fla 2013). Under these facts, no reasonable jury could conclude that even the least sophisticated consumer could be misled.

Here, Plaintiff claims that she never had a Mystery Book Club account and she never resided at 800 E. Stewart St. Apt. 4, the address listed on the collection letters as a

4814-9678-7996.1

LEWIS BRISBOIS BISGAARD & SMITH LLP

previous address of hers.  Accordingly, a least sophisticated consumer that never had a Mystery Book Club account and never resided at an address listed on a collection letter would not have been misled by Defendant's collection letters.

Moreover, Plaintiff's argument that Defendant misled Plaintiff by sending two notices is nonsensical.  As stated in Defendant's Moving Papers, it is Defendant's practice to send consumer notices when provided a new address in order to ensure that the debtor actually received the notice.  Plaintiff does not cite to any case law that supports the notion that a debtor violated the FDCPA by providing a consumer more rights and protections.

Therefore, Defendant respectfully requests the Court to grant Defendant's Motion for Summary Judgment.

## II. A LEAST SOPHISTICATED CONSUMER WOULD NOT HAVE BEEN MISLED BY DEFENDANT'S ALLEGED MISREPRESENTATIONS

Plaintiff alleges Defendant violated 15 U.S.C. § 1692e by allegedly attempting to collect a debt which was not owed by Plaintiff.  Plaintiff alleges that she never had a Mystery Book Club Account and she never lived at 800 E. Stewart St. Apt. 4, Willcox, AZ 85643-1621.  (See Plaintiff's Undisputed Material Facts 15 and 17.)  The 800 E. Stewart address was listed on each collection letter that Plaintiff received as a previous address of Plaintiff.

However, courts are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response.  *Donohue v. Quick Collect Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).   Moreover, false statements, by themselves, do not violate the FDCPA.  *Wetzel v. Afni, Inc.,* U.S. Dist. LEXIS 142756 (D. Or. 2011).  A plaintiff must establish that the false statements would have misled the "least sophisticated consumer."  *Id.*; See also *Stanley v. Ideal Collection Servs.*, U.S. Dist. LEXIS 117821 (S.D. Fla. 2013).

In *Wetzel*, the Court stated even if the bona fide error did not apply the Court would have granted defendant's motion for summary judgment.  *Wetzel*, 2011 U.S. Dist. LEXIS 142756 at 15.  In *Wetzel*, plaintiff alleged that defendant violated the FDCPA by failing to

1 disclose it was the creditor to whom the debt was owed, taking collection actions that
2 overshadowed or were inconsistent with the disclosures required by Section 1692(g), and
3 by unlawfully threatening in the first (and only) Collection Notice to report the debt on
4 Plaintiff's credit report. *Id.* at 15-16. However, the court stated that plaintiff had to do
5 more than just establish the three violations, he head to establish that the false statements
6 would have misled the least sophisticated consumer and they were material. *Id.* at 16. The
7 Court in *Wetzel* noted that the least sophisticated consumer would not have been misled
8 because the collection notice was not confusing. *Id.* at 17.
9       Similar to *Wetzel*, the "least sophisticated consumer" who has never opened an
10 account with the Mystery Book Club, and who has never resided at an address listed on the
11 collection as a previous address, would not have been misled by Defendant's collection
12 letters. Moreover, the letters received by Plaintiff clearly state:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.

15       A least sophisticated consumer would have been able to read this language and
16 determine that he or she simply had to call and inform the collection agency that he or she
17 is not the debtor. Here, it was not until August 2, 2013 that Plaintiff called Defendant and
18 informed a representative that she was not the owner of the debt. Thus, to the extent that
19 the Plaintiff claims she represents a "least sophisticated consumer" she herself admits that
20 she contacted Defendant after receiving this notice to contest that she was the owner of the
21 debt (see Defendant's Separate Statement of Facts, ¶9, and Plaintiff's Controverting
22 Statement of Facts, ¶9). As soon as Plaintiff disputed the debt, Defendant ceased all
23 communications. This fact is also undisputed (Defendant's Statement of Facts, ¶10, and
24 Plaintiff's Controverting Statement, ¶10).
25       Moreover, if merely sending a letter to a person who claims she is not the debtor is
26 a violation of the FDCPA, then there would be no reason for verification. It would also
27 invite consumers to file lawsuits, instead of simply disputing the debt.
28       Under these undisputed facts, no reasonable jury could conclude that a least

LEWIS BRISBOIS BISGAARD & SMITH LLP

sophisticated consumer could be or was misled. Accordingly the Court should grant Defendant's Motion for Summary Judgment.

## III. DEFENDANT DID NOT VIOLATE 15 U.S.C § 1692(E)(10)

Plaintiff contends that "Defendant misrepresented that Plaintiff had two separate periods within which she could dispute the validity of the debt and request its verification, when the FDCPA only provides the consumer with one 30-day period from the debt collector's initial communication within which to exercise the rights provided by 15 U.S.C. §1692g(a)." (See Plaintiff's Opposition pg. 14:7-12.) Plaintiff further contends that a "consumer may rely on Defendant's representation to their detriment, and wait until after the initial 30-day period to dispute the debt, at which time the consumer would have lost one of their rights, as Defendant will have no legal obligation to provide verification." (*Id.* at pg. 14:18-22.)

First, it is undisputed the Plaintiff received the first collection letter on April 16, 2013 and the second collection letter on June 11, 2013. Therefore, Plaintiff received the second collection letter 56 days after the initial letter. As such, Plaintiff could not possibly have relied on Defendant's alleged misrepresentation to her detriment because the initial thirty days (as set forth in the April 16, 2013 collection letter) had elapsed.

Second, as stated in Defendant's Moving Papers, it is Defendant's practice to send consumer notices when it receives a new address in order to ensure that the debtor actually received the notice. Defendant's practice only provides debtors with greater rights and ensures that the debtor receives notice before attempting to collect the debt. Accordingly, there were no false, deceptive, or misleading representations.

## IV. CONCLUSION

Summary judgment is proper in this case because no reasonable jury could conclude that the least sophisticated consumer would have been misled by Defendant's alleged misrepresentation. Plaintiff admits that she never had a Mystery Book Club account and she never resided at 800 E. Stewart St. Apt. 4, the address listed on the collection letters as a previous address of hers. Accordingly, a least sophisticated consumer that never had a

LEWIS BRISBOIS BISGAARD & SMITH LLP

Mystery Book Club account and never resided at an address listed on a collection letter would not have been misled by Defendant's collection letters.  Moreover, Defendant was provided two new potential addresses and sent the proper consumer notice each time in order to ensure that the debtor received the debtor received the notice.  Lastly, Defendant ceased to contact Plaintiff the moment she stated she was not the owner of the debt.

There are no triable issues of material fact, and Defendant is entitled to judgment as a matter of law.  Therefore, summary judgment is proper.

DATED this 12th day of August, 2014.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By   /s/ Michael P. Obert Jr.
     Michael P. Obert Jr.
     Attorney for RJM Acquisitions, LLC

### CERTIFICATE OF SERVICE

I hereby certify that on August 12th, 2014, I electronically transmitted the foregoing **DEFENDANT'S REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** to the Clerk's office using the Court's CM/ECF System, and thereby served all counsel of record in this matter.

/s/ Jodie Mize
33294-33