Russell S. Thompson IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, Arizona 85206
(602) 388-8898
(866) 317-2674 facsimile
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Christopher, | Case No. 2:13-cv-02274-JAT |
| Plaintiff, | **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| RJM Acquisitions, LLC, | |
| Defendant. | |

## I.    Statement of Issues.

To decide Plaintiff's motion, this Court is presented with two issues:

1) Section 1692e(2)(A) of the FDCPA strictly prohibits a debt collector from making any false representation of the character, amount, or legal status of any debt. Courts across the country have held that attempting to collect a debt from the wrong individual violates section 1692e(2)(A). Here, Defendant attempted to collect a debt from Plaintiff, which it is undisputed that Plaintiff does not owe. Did Defendant violate the FDCPA at section 1692e(2)(A)?

2) Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. Regardless of knowledge or intent, if a debt collector's statement has the capacity to mislead an unsophisticated consumer, it violates section 1692e(10). Here, Defendant misrepresented that the consumer had an additional thirty-day period in which she could dispute the debt, when in fact, the law only provides one initial thirty-day period

within which a consumer may do so. Did Defendant violate the FDCPA at section 1692e(10)?

## II. Standard of review.

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' " *Aviva USA Corp. v. Vazirani*, 902 F. Supp. 2d 1246, 1254 (D. Ariz. 2012) (citing Fed. R. Civ. P. 56(a)).

## III. Relevant procedural history.

Defendant moved for summary judgment on Plaintiff's claims, Doc. 31, to which Plaintiff filed a response on July 28, 2014. Doc. 36. This motion will rely primarily on the briefing contained in Plaintiff's July 28, 2014 response, where Plaintiff briefed the matters germane to this motion in greater detail.

## IV. Statement of facts.

In support of this motion, Plaintiff relies upon the statement of facts presented with her response to Defendant's motion for summary judgment. *See* Doc. 37.

## V. Plaintiff is entitled to summary judgment on her claim under 15 U.S.C. § 1692e(2)(A).

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including the false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Even a single attempt to collect a debt from the wrong individual is a false or misleading representation or means used to collect a debt, in violation of section 1692e. *See* Doc. 36 at 5-6. Here, it is undisputed that Plaintiff does not owe the debt that

within which a consumer may do so. Did Defendant violate the FDCPA at section 1692e(10)?

## II. Standard of review.

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' " *Aviva USA Corp. v. Vazirani*, 902 F. Supp. 2d 1246, 1254 (D. Ariz. 2012) (citing Fed. R. Civ. P. 56(a)).

## III. Relevant procedural history.

Defendant moved for summary judgment on Plaintiff's claims, Doc. 31, to which Plaintiff filed a response on July 28, 2014. Doc. 36. This motion will rely primarily on the briefing contained in Plaintiff's July 28, 2014 response, where Plaintiff briefed the matters germane to this motion in greater detail.

## IV. Statement of facts.

In support of this motion, Plaintiff relies upon the statement of facts presented with her response to Defendant's motion for summary judgment. *See* Doc. 37.

## V. Plaintiff is entitled to summary judgment on her claim under 15 U.S.C. § 1692e(2)(A).

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including the false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Even a single attempt to collect a debt from the wrong individual is a false or misleading representation or means used to collect a debt, in violation of section 1692e. *See* Doc. 36 at 5-6. Here, it is undisputed that Plaintiff does not owe the debt that

Defendant attempted to collect from her. Doc. 37 at ¶16.[1] Whether Defendant intentionally or knowingly collected the debt from the wrong individual is irrelevant to its liability under section 1692e. *See* Doc. 36 at 3-5. "In lieu of a scienter requirement, the FDCPA provides a defense 'if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.' 15 U.S.C. § 1692k(c)." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004). However, Defendant has not, and cannot, meet its burden to show the elements required to sustain the affirmative defense of bona fide error. *See* Doc. 36 at 10-13.

Without citing any authority for its position, Defendant asserts that the least sophisticated consumer would not be misled by Defendant's false representation because he or she would know that they have never opened an account with the Mystery Book Club. Doc. 38 at 3. However, the courts that have encountered this argument have rejected it. *See* Doc. 36 at 3 (discussing least sophisticated consumer standard). For instance, the Seventh Circuit reasoned that an unsophisticated consumer "could likely be shaken from [their] belief" in the face of a debt collector's assertion or implication otherwise. *Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012). Directly on point here, the Eastern District of Wisconsin held that "an unsophisticated consumer could also be shaken by a debt collector's inaccurate representation of a debt, even if the consumer

---

[1] Notably, when Defendant filed its reply brief, it did not dispute any of the facts Plaintiff presented in the separate statement of facts filed with her response brief. *See* Doc. 38 and docket generally.

knew she did not owe what the collector said that she did." *Crafton v. Law Firm of Jonathan B. Levine*, 957 F. Supp. 2d 992, 997 (E.D. Wis. 2013).

This also supports what should be obvious—that a misrepresentation that a person owes a debt that they, in fact, do not owe, is a material misrepresentation. *Compare Lox*, 689 F.3d at 827 (false implication that consumer could be responsible for attorneys fees was material because it could increase the amount of the alleged debt, and therefore influence the consumer's decision); *with Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) (inaccurate distribution of principal and interest not material where total amount due was the same).

Defendant argues that it cannot be held responsible for violating 15 U.S.C. § 1692e(2)(A) because the consumer should know to dispute the Defendant's false assertion. However, the Ninth Circuit has made clear that "consumers are under no obligation to seek explanation of confusing or misleading language in debt collection letters." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011). In fact, the least sophisticated consumer, who is by definition not savvy in business dealings, "could have been concerned about the mere possibility of a fight over" whether he or she owes the debt, "even if he felt confident that he would win that fight." *Lox*, 689 F.3d at 826. Just as a consumer could have taken the time and effort to dispute the debt, the consumer could just as easily have capitulated to Defendant's demands and paid the debt in order to avoid a potential fight.

**VI.    Plaintiff is entitled to summary judgment on her claim under 15 U.S.C. § 1692e(10).**

The FDCPA broadly prohibits any false, deceptive, or misleading representation or means used in the course of debt collection. 15 U.S.C. § 1692e(10). Falsely representing or misleading a consumer as to their rights under the law is a prohibited misrepresentation. *See* Doc. 36 at 13-15. Here, Defendant falsely represented that the consumer had 30 days from a subsequent communication to dispute the debt or request its verification, Doc. 37 at ¶14, when the law only permits a consumer to do so within 30 days from the initial communication. 15 U.S.C § 1692g(a). Misleading the consumer into believing that he or she has greater rights than the law actually provides violates section 1692e. Doc. 36 at 14-15.

Defendant contends that even though its subsequent communication with Plaintiff had the capacity to mislead the consumer as to their rights, it cannot be liable because its notice would have made the consumer believe they had greater rights than the law provided them. Courts faced with similar arguments have rejected the same, finding even well-intentioned misrepresentations to be actionable. *See* Doc. 36 at 14-15.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's motion for summary judgment.

Dated: August 14, 2014            Respectfully Submitted,

                                                /s/ Russell S. Thompson IV
                                                Russell S. Thompson IV
                                                Thompson Consumer Law Group, PLLC
                                                5235 E. Southern Ave. D106-618
                                                Mesa, Arizona 85206
                                                Telephone: (602) 388 8898

Facsimile: (866) 317 2674
Email: rthompson@consumerlawinfo.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on August 14, 2014, I electronically filed the foregoing document with the clerk of the U.S. District Court of Arizona, using the electronic case filing system of the court, which will send notification of such filing to all counsel of record.

By: s/ Christopher Bruner
    Christopher Bruner