WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Christopher,<br><br>    Plaintiff,<br><br>v.<br><br>RJM Acquisitions LLC,<br><br>    Defendant. | No. CV-13-02274-PHX-JAT<br><br>**ORDER** |

  Pending before the Court is Jennifer Christopher's ("Plaintiff") Motion for Attorney's Fees. (Doc. 49). The Court now rules on the Motion.

**I. BACKGROUND**

  For context, the Court summarizes the facts as they were presented in its order granting in part and denying in part the parties' Motions for Summary Judgment. (Doc. 45). On November 28, 2011, RJM Acquisitions LLC ("Defendant") purchased a Mystery Book Club account opened by an individual named Jennifer Christopher that had an unpaid balance of $97.36. (*Id.* ¶ 1). Defendant sent three letters, two of which were received by Plaintiff, who is also named Jennifer Christopher. (*Id.* ¶¶ 2, 3). Plaintiff never opened the account and does not owe the debt Defendant attempted to collect from her. (*Id.* ¶ 1). Plaintiff received letters at two different addresses, both of which were obtained by Defendant from a third party that specializes in locating addresses of individuals who have moved. (*Id.* at 2). After Plaintiff received one letter at her old address and another one at her new address, she called Defendant to explain the debt was

not hers. (*Id.* at 3). Plaintiff brought a cause of action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

After Plaintiff filed her Complaint, each party filed a Motion for Summary Judgment. (Doc. 31, Doc. 40). Both Motions were granted in part and denied in part. (Doc. 45 at 15). The Court ruled in favor of Defendant on Count One of Plaintiff's Complaint and in favor of Plaintiff on Count Two of Plaintiff's Complaint. (*Id.*). Plaintiff was awarded $1,000 in damages. (*Id.*).

Plaintiff now brings this cause of action requesting that Defendant be held liable for Plaintiff's attorney's fees.

## II. DISCUSSION

In order to ensure private enforcement of the FDCPA, an award of reasonable attorney's fees is mandatory when a Plaintiff prevails on his or her claim. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citing *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995)). In the Motion pending before the Court, Plaintiff requests attorney's fees in the amount of $15,741.00. Defendant first claims that Plaintiff should not recover attorney's fees because Plaintiff prevailed on a theory she did not advance. Alternatively, Defendant argues that the total amount of attorney's fees should be no more than $10,490.50 because Plaintiff's attorneys overstaffed this case and some of the requested attorney's fees are excessive.

### A.     PREVAILING PARTY

15 U.S.C. § 1692k(a) provides,
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
> (1) any actual damage sustained by such person as a result of such failure;
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;…and
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court…

Defendant argues that because Plaintiff did not win on the theory she presented, Plaintiff is not entitled to attorney's fees. Defendant, however, has not provided any legal support for this argument and the Court can find none. Indeed, the text of § 1692k(a)(3) provides that a plaintiff is entitled to attorney's fees when his or her action is "successful." The text does not limit attorney's fees to plaintiffs that won because of any specific arguments, nor does it mention anything regarding whether success must be attributable to the work of Plaintiff's attorneys. Simply put, a successful Plaintiff is entitled to attorney's fees and an unsuccessful Plaintiff is not. Thus, defendant's theory that a party is not "successful" when she prevails on a theory she did not advance is unsupported by the cases and the text pertaining to the FDCPA. Accordingly, Plaintiff is entitled to attorney's fees.

### B.  REASONABLENESS

Once it is determined that a plaintiff is entitled to attorney's fees, the fees must be deemed reasonable by the Court. 15 U.S.C. § 1692k(a)(3). The Court "must calculate awards for attorney's fees using the lodestar method," which multiplies the reasonable number of hours the prevailing party spent on the case by a reasonable hourly rate for the work of the attorneys and their staff. *Camacho*, 523 F.3d at 978 (citations omitted). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citations omitted). After assessing the lodestar figure, the Court can reduce the award based upon duplicate fees and even give a "haircut" by up to 10% as necessary. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). If the Court does so, however, it must provide a "concise but clear" explanation. *Ferland*, 244 F.3d at 1149 (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)). If a fee-paying client would not be charged a specific fee, that fee is not recoverable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In support of her requested attorney's fees, Plaintiff cites the United States Consumer Law Survey Report. (Doc. 49, Ex. D). Plaintiff requests attorney rates at $300.00 an hour, $250.00 an hour, and $175.00 an hour for three different attorneys and $135.00 an hour for non-attorney staff. Defendant does not contest the hourly rates claimed by the Plaintiff, nor does the Court have reason to believe Plaintiff's hourly rates are unreasonable. The Court therefore concludes that the rates claimed by the Plaintiff are reasonable.

The only question, then, is whether the hours billed by Plaintiff's attorneys are reasonable. Arguing that they are not, Defendant contends that Plaintiff's attorneys overstaffed the case, overcharged for clerical work, improperly billed for intra-office activities, and billed excessively for their work on their Motion for Summary Judgment. The Court will address each of these arguments in turn.

### 1.   OVERSTAFFING

In addition to the hourly rate, the Court must determine whether the number of hours claimed by Plaintiff is reasonable. Factors in determining a reasonable number of hours can include skill and experience of the attorney, number of attorneys and staff working on a case, time spent on the case, and the complexity of the issues. *Hensley*, 461 U.S. at 434.

Defendant claims that Plaintiff billed too many hours and had too many staff members working on this case given the simplicity of it. In support of these arguments, Defendant cites *Savino v. Computer Credit, Inc.*, 71 F. Supp. 2d 173, 178 (E.D.N.Y. 1999). In that case, plaintiff was granted summary judgment on a FDCPA claim. *Id.* at 174. The court held that given the experience of the attorney in FDCPA litigation and the simplicity of the issues, 187 hours was excessive. *Id.* at 175.

Defendant argues that here, like in *Savino*, an unreasonable number of hours were billed by Plaintiff's attorneys. Defendant further contends that, like in *Savino*, this case is simple. While the Court agrees that this case is not extremely complex, it does not agree that *Savino* compels any reduction of fees here. First, Defendant offers no evidence of

1  Plaintiff's attorney's expertise in FDCPA litigation. Further, Plaintiff's attorneys here
2  billed about one third of the hours billed by the attorneys in *Savino*. In short, the facts of
3  *Savino* are not analogous here and Defendant has failed to meet its burden of proof to
4  overcome the presumption of reasonableness that applies to Plaintiff's request for
5  attorney's fees.

### 2.   CLERICAL OR SECRETARIAL WORK

Defendant also claims that clerical tasks are not recoverable because such tasks "are properly 'subsumed in firm overhead.'" The Ninth circuit, however, confirmed that clerical fees can be recovered, but not at an attorney's or paralegal's rate. *See Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992). Here, Plaintiff's lodestar calculation includes twenty-one entries for clerical tasks such as converting documents to PDF. These entries, which totaled 6.8 hours, were billed at the paralegal rate of $135.00 per hour, which is excessive. The Court will therefore reduce these entries to $75.00 an hour, reducing Plaintiff's attorney fee by $408.00.

### 3.   INTRA-OFFICE ACTIVITIES

Defendant also contests that any intra-office activity should not be recoverable. Specifically, Defendant claims that three conversations between paralegals totaling 0.4 hours should not have been billed. (Doc. 49, Ex. B). Defendant correctly points out that an attorney is ethically obligated to avoid unnecessary costs. *Hensley*, 461 U.S. at 434. Defendant, however, offers no explanation as to why the 0.4 hours are unreasonable. Absent such an explanation, the Court declines to conclude that activities such as "meeting with attorneys to discuss strengths" of a claim are excessive or unnecessary.

### 4.   EXCESSIVE FEES

Defendant argues that it was excessive for two of Plaintiff's attorneys to bill 11.4 hours and 3 hours respectively for preparing Plaintiff's Motion for Summary Judgment. Additionally, Defendant argues that Plaintiff's attorney spent too much time (3.3 hours) researching the FDCPA before filing that Motion. Defendants do not have any concrete explanation as to why two attorneys cannot work together on a Motion for Summary

Judgment or why 3.3 hours is too much for research. Therefore, Defendant has not met its burden to prove that Plaintiff's attorneys excessively billed for the Motion for Summary Judgment.

### C. CALCULATION OF TOTAL FEES

Although Plaintiff is entitled to fees, she is not entitled to the entirety of fees requested. Plaintiff charged a total of 6.8 hours for clerical work that should have been billed at a lower rate. This reduces the attorney's fees by $408.00. A reduction of $408.00 from the originally requested award of $15,741.00 results in an award of attorney's fees in the amount of $15,333.00.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees, (Doc. 49), is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is entitled to Attorney's Fees in the amount of $15,333.00.

Dated this 30th day of June, 2015.

James A. Teilborg
Senior United States District Judge