WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Christopher, | No. CV-13-02274-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| RJM Acquisitions LLC, | |
| Defendant. | |

Pending before the Court is Lewis Brisbois Bisgaard & Smith LLP ("LBBS")'s Motion to Withdraw as Counsel for Defendant RJM Acquisitions, LLC without Immediate Substitution. (Doc. 63). The Court now rules on the motion.

**I.   Legal Standard**

Pursuant to the Local Rules of Civil Procedure for the District of Arizona,

> **(b) Withdrawal and Substitution.** No attorney shall be permitted to withdraw or be substituted as attorney of record in any pending action except by formal written order of the Court, supported by written application setting forth the reasons therefor together with the name, last known residence and last known telephone number of the client, as follows:
>
> (1) Where such application bears the written approval of the client, it shall be accompanied by a proposed written order and may be presented to the Court ex parte. The withdrawing attorney shall give prompt notice of the entry of such order, together with the name, last known residence and last known telephone number of the client, to all other parties or their attorneys.

LRCiv 83.3(b)(1). When ruling on a motion to withdraw brought pursuant to LRCiv 83.3, the Court should consider the following factors: "(1) the reasons why withdrawal is

sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Gagan v. Monroe*, 2013 WL 1339935, at \*4 (D. Ariz. April 1, 2013).

Also relevant is Ethical Rule 1.16 of the Arizona Rules of Professional Conduct, which provides as follows:

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>
> . . .
>
> (3) the lawyer is discharged.
>
> . . . .
>
> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

Ariz. R. Sup. Ct. 42, ER 1.16.

**II.  Analysis**

LBBS contends that the Court should allow it to withdraw as Defendant's counsel because: (1) Defendant affirmatively discharged LBBS and (2) continued representation would likely result in an unreasonable financial burden on LBBS. (Docs. 61, 63). In response, Plaintiff argues that the Court should exercise its "wide discretion" and deny LBBS's request because: (1) the motion to withdraw did not include Defendant's last known address and telephone number and thus failed to technically comply with LRCiv 83.3; (2) the majority of LBBS's representation has already concluded; and (3) post-judgment discovery requests are still outstanding and Defendant, as a corporation, cannot represent itself. (Doc. 66).

Despite being absent from the parties' briefing, the Court concludes that it lacks authority to rule on LBBS's request because once Judgment was entered in favor of Plaintiff on February 3, 2015, *see* (Doc. 46), this case closed. *See, e.g.*, *Booth v. Arpaio*,

2007 WL 42449075, at * (D. Ariz. Nov. 29, 2007) (denying a motion as moot "[b]ecause this case is closed, with judgment having been entered"); *Neuendorf v. John C. Lincoln Med.*, 2011 WL 941352, at *1 (D. Ariz. Mar. 18, 2011) (denying a motion as moot "[b]ecause Judgment was entered" and the party's "appeal has been dismissed"); *Garcia v. Glendale Police Dep't*, 2014 WL 2197027, at *1 (D. Ariz. May 27, 2014) (denying a motion as moot because the "case has been closed by the Clerk's Judgment dismissing the case"). Because no "pending action"—as contemplated by LRCiv 83.3(b)—is before the Court, Defendant may discharge LBBS without the Court's permission. Consequently, based on statements made to the Court, the parties should consider LBBS's representation of Defendant in this matter to be terminated.[1]

### III. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that LBBS's Motion to Withdraw as Counsel for Defendant RJM Acquisitions, LLC without Immediate Substitution, (Doc. 63), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall refer this matter by random draw to a United States Magistrate Judge to resolve Plaintiff's Motion for Appearance and Examination of Judgment Debtor RJM Acquisitions, LLC, (Doc. 68), which remains pending.

Dated this 13th day of May, 2016.

James A. Teilborg
Senior United States District Judge

---

[1] Even if the Court had authority to rule on LBBS's motion, the four factors set forth above weigh heavily in favor of permitting withdrawal. The most compelling reason is the fact that Defendant affirmatively terminated LBBS after this case closed. Not only was LBBS obligated under the Ethical Rules to withdraw as Defendant's counsel, but a conflict of interest would surely arise if the Court required LBBS to continue in its representation. Furthermore, the Court would overlook Defendant's technical non-compliance with LRCiv 83.3 as Plaintiff did not show prejudice by the non-compliance, and LBBS ultimately provided the necessary information. *See Gagan*, 2013 WL 1339935, at *3 (overlooking a party's technical non-compliance with LRCiv 83.3).